BENJAMIN B. WAGNER
United States Attorney
AUDREY B. HEMSATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL ROMANO,<br><br>　　　　　　　Defendant. | CASE NO. 2:15-CR-190 GEB AC<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER |

WHEREAS, the parties desire to prevent the unauthorized disclosure or dissemination of certain sensitive but unclassified discovery materials to anyone not a party to the court proceedings in this matter, or to defendant MICHAEL ROMANO in this case as provided below;

WHEREAS, the sensitive but unclassified discovery materials at issue include information pertaining to victims or potential victims in this case, including personal identifying information, identification documents such as driver's licenses, social security cards, a birth certificate, and access device numbers such as credit card numbers;

WHEREAS, such sensitive but unclassified discovery materials shall be identified as sensitive and subject to a protective order at the time of disclosure, whether on the documents or other materials (e.g., CDs) themselves or in an accompanying cover letter;

WHEREAS, the parties agree that entry of a stipulated protective order is appropriate, and that a private agreement is not appropriate in light of the nature of the information at issue and the charges in

1

this case; and

WHEREAS, the defendant, MICHAEL ROMANO, has counsel ("Defense Counsel") who wishes the opportunity to review the discovery;

Defendant MICHAEL ROMANO and plaintiff United States of America, by and through their undersigned counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, its general supervisory authority, and Local Rule 141.1.

2. This Order pertains to all discovery provided to or made available to Defense Counsel that is identified as sensitive and subject to a protective order in this case (hereafter, collectively known as "the protected discovery").

3. Defense Counsel shall not disclose any of the protected discovery to any person other than the defendant, or attorneys, law clerks, paralegals, secretaries, experts, and investigators, involved in the representation of his client. At no time shall the defendant be permitted to review the protected discovery outside of the presence of her attorney, and Defense Counsel shall not leave any of the protected discovery with defendant at the jail or other institution where that defendant is being held in custody. Defendant may review the protected discovery outside the presence of her attorney if Defense Counsel redacts sensitive information from that discovery and obtains advance approval from counsel for the United States of America to share a redacted version of that discovery with Defendant.

4. The protected discovery and information therein may only be used in connection with the litigation of this case and for no other purpose. The protected discovery is now and will forever remain the property of the United States Government. Defense Counsel will return the discovery to the Government or certify that it has been shredded or otherwise destroyed at the conclusion of the case.

5. Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6. If Defense Counsel releases custody of any of the protected discovery, or authorized copies thereof, to any person described in paragraph (3), Defense Counsel shall provide such recipients with copies of this Order and advise that person that the protected discovery is the property of the United States Government, that the protected discovery and information therein may only be used in connection

with the litigation of this case and for no other purpose, and that an unauthorized use of the protected discovery may constitute a violation of law and/or contempt of court.

7. In the event that the defendant obtains substitute counsel, undersigned Defense Counsel agree to withhold the protected discovery from new counsel unless and until substituted counsel agrees to be bound by this Order.

8. Defense Counsel shall be responsible for advising his client, employees, and other members of the defense team of the contents of this Stipulation/Order.

IT IS SO STIPULATED.

Dated: September 24, 2015                    Respectfully submitted,

                                      BENJAMIN B. WAGNER
                                      United States Attorney

                             By:    /s/ Audrey B, Hemesath
                                  AUDREY B. HEMESATH
                                  Assistant U.S. Attorney

                             By:    /s/ Michael Long
                                  MICHAEL LONG
                                  Counsel for MICHAEL ROMANO

**ORDER**

IT IS SO FOUND AND ORDERED.

DATED: September 25, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE