1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,        No. 2:15-cr-190-GEB

10            Plaintiff,

11      v.                          **ORDER**

12  MICHAEL ROMANO,

13            Defendant.

14

15          On August 8, 2018, the United States of America filed

16  on the public docket a "NOTICE TO SEAL DOCUMENT" "giving notice

17  that it has submitted a Request to Seal a three-page motion

18  relevant to defendant Michael Romano and a proposed order

19  granting the United States's Request."  Notice to Seal 1:17–18,

20  ECF No. 418.  The Notice does not also make clear that the United

21  States seeks to file under seal a separate document entitled

22  "REQUEST TO SEAL DOCUMENT."  Further, the referenced proposed

23  order fails to include the "REQUEST TO SEAL DOCUMENT," which the

24  United States submitted for in camera review along with two other

25  documents, in the list of items to be sealed.  However, an email

26  the United States addressed to the undersigned judge's Courtroom

27  Deputy Clerk — to which is attached a motion, a request to seal

28  document, and a proposed order — suggests that the United States

desires these three documents to be filed under seal.

A portion of the motion includes arguments addressing sentencing factors in 18 U.S.C. § 3553(a); however, the United States has not shown that the referenced portion of the motion should be considered in secrecy in light of the content of the Notice, and the requirement in 18 U.S.C. § 3553(c) that a sentencing judge state in open court the reasons for imposition of the particular sentence. See Rita v. United States, 551 U.S. 338, 356 (2007) (stating "18 U.S.C. § 3553(c) . . . requires a sentencing judge, 'at the time of sentencing,' to 'state in open court the reasons for its imposition of the particular sentence.'"); see generally Phoenix Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 951 (9th Cir. 1998) (stating: "All too often, parties to the litigation are either indifferent or antipathetic to [their burden under sealing jurisprudence]. This is to be expected: it is not their charge to represent the rights of others.").

Since the scope of secrecy the United States seeks has not been shown justified, the emailed documents submitted for in camera review are deemed returned to the United States so that it can decide what to do in light of this ruling. See E.D. Cal. R. 141(e)(1) (prescribing that if a sealing "[r]equest is denied in full or in part, the Clerk will return to the submitting party the documents for which sealing has been denied"); United States v. Big Leggins, 375 F. App'x 692, 693 (9th Cir. 2010) (indicating that the district court had authority to issue the directive that defendant "could either withdraw the report or resubmit it in redacted form"); United States v. Baez-Alcaino, 718 F. Supp.

2

1503, 1507 (M.D. Fla. 1989) (remarking that after denying a
sealing request a judge may "return[] [the documents] to the
submitting party," who may then decide how to proceed).

     Dated:  August 13, 2018

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge