UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL ROMANO,<br><br>    Defendant. | No. 2:15-cr-00190-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT HIS SENTENCE UNDER THE CLEAR ERROR PRINCIPLE IN CRIMINAL RULE OF PROCEDURE 35(a)** |

        Defendant Michael Romano ("Romano") filed a motion under Federal Rule of Criminal Procedure ("Rule") 35(a) on September 11, 2018, in which he argues his sentence must be corrected under the clear error principle in Rule 35(a). Rule 35(a) prescribes: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Def.'s Mot. to Correct Clear Error, ECF No. 467. Romano argues "clear error . . . led to the imposition of [his] 37-month sentence . . . [yet] the defense was not on notice that the facts in the [Final Presentence Report ("PSR")] were in dispute[;]" and consequently the district judge committed clear error when the judge "did not provide[] the notice [to Romano] **required by Rule 32(f)(1) that the medical facts and other facts stated in the PSR needed to be proven at the August 31, 2018, sentencing hearing.**" Id. at 1:27-2:18 (emphasis added). Romano further argues: "**If the Court was not going to accept all or some of the undisputed facts [in the PSR], the Court should have**

1

**provided notice to the parties so that the parties could have presented evidence to the Court establishing the facts in issue**." Id. at 2:22-24 (emphasis added).

By making this argument, Romano does not show understanding that the sentencing procedures prescribed in Rule 32(f)(1) apply to parties, not judges. Rule 32(f)(1) states: "Within 14 days after receiving the presentence report, **the parties must state in writing any objections, including objections to material information**, sentencing guideline ranges, and policy statements contained in or omitted from the report." (emphasis added). Thus, Romano proffers a proposed judicial requirement that has not been shown to exist under Rule 32(f)(1) or other sentencing law applicable to the challenged sentence. Further, Romano's arguments conflate facts with inferences that can be drawn from the asserted facts and indicate that certain factual and legal conclusions are tantamount to undisputed facts which the judge is required to adopt; otherwise, under some unstated and unsupported legal principle the judge is required to provide Romano notice that the judge disagrees with the referenced factual and legal conclusions in the PSR when that disagreement is realized, and to then provide "the parties [with the opportunity to] present[] evidence to the Court establishing the facts in issue." Def.'s Mot. at 2:23-24. This argument indicates that a sentencing factual record can be expanded beyond the time limits in Rule 32 without a showing of good cause and simply because a judge decides he does not agree with the Probation Officer's downward departure conclusions. This argument disregards the Rules of Criminal Procedure that provide that the probation department shall prepare a draft PSR and furnish it to the parties, and after each party receives the draft PSR each party "must

state in writing any objections, **including objections to material information**,سentencing guideline ranges, and policy statements contained in or omitted from the [draft] report." Fed. R. Crim. P. 32(f)(1) (emphasis added). Clearly, if Romano opined that additional "material [factual] information" should have been included in the PSR, he had the opportunity to seek its inclusion. In addition, Rule 32(i)(1)(D) states: "At sentencing, the court . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed." Romano did not show good cause at the sentencing hearing for delaying sentencing so that he could seek to find additional information supporting his departure positions. Romano's arguments at the sentencing hearing concerning the absence of evidence supporting his downward departure arguments reveals he simply did not consider obtaining additional facts supporting his departure arguments, other than facts to which he and the United States stipulated comprised the sentencing factual record at the sentencing hearing.

Nor does Romano's motion indicate that he understands the discretion a sentencing judge has to draw inferences from facts Romano asserts are undisputed, and to rely on those drawn inferences when disagreeing with his departure arguments. As indicated by the Supreme Court in Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007), a sentencing judge has authority to "engage in a comparative evaluation," of inferences by "consider[ing] not only inferences urged by [a party] . . . but also competing inferences rationally drawn from the facts."

Nor does the Romano reconcile in the motion the sua sponte judicial duty he argues exists with the Ninth Circuit's statement in

3

1  United States v. Leon, 341 F.3d 928, 932 (9th Cir. 2003): "Our own
2  pre-Koon cases using the de novo standard of review denied departures
3  to defendants who had not shown that they were irreplaceable
4  caretakers."  See also United States v. Menyweather, 447 F.3d 625,
5  633 (9th Cir. 2006) ("[c]onclud[ing] that Defendant did not prove that
6  she provides care that is irreplaceable or that could not feasibly be
7  provided by another").  This law bespeaks that Romano bears the burden
8  of ensuring that the sentencing record contains sufficient facts to
9  support his departure requests.
10           Notwithstanding that it is evident that the findings in the
11 PSR are adopted and found to be correct unless a finding in the PSR
12 conflicts with the sentencing decision, Romano argues under the Rule
13 35(a) clear error principle that the judge had a sua sponte notice
14 duty that has not been shown to exist, and that the failure of the
15 judge to discharge this phantom duty is clear error under Rule 35(a).
16 This argument is not within the scope of the Rule 35(a) clear error
17 principle.  "Every relevant authority agrees that the scope of 'clear
18 error' correctable under Rule 35(a) is extremely narrow.  Although
19 courts take different approaches to Rule 35(a), all essentially agree
20 that 'clear error' under the Rule requires some reversible error at
21 . . . sentencing . . . ."  United States v. Fields, 552 F.3d 401, 404
22 (4th Cir. 2009) (citations omitted).  Romano has not "point[ed] to
23 [any] reversible error that occurred at [sentencing]."  Id.  Neither
24 the Guidelines nor any statute, national rule, or local rule requires
25 the judge to do what Romano argues was required regarding his
26 sentencing proceeding.  Since it is pellucid that "the district court
27 [lacks] authority to amend the sentence after entry of the judgment
28 and commitment order," filed on September 6, 2018, United States v.

4

Ceballos, 671 F.3d 852, 854 (9th Cir. 2011), Romano's motion is denied.

Dated: September 14, 2018

GARLAND E. BURRELL, JR.
Senior United States District Judge