UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
|---|---|
| Plaintiff, | |
| v. | **AMENDED ORDER DENYING DEFENDANT'S MOTION TO CORRECT HIS SENTENCE UNDER THE CLEAR ERROR PRINCIPLE IN CRIMINAL RULE OF PROCEDURE 35(a)** |
| MICHAEL ROMANO, | |
| Defendant. | |

Defendant Michael Romano ("Romano") filed a motion under Federal Rule of Criminal Procedure ("Rule") 35(a) on September 11, 2018, in which he argues his sentence must be corrected under the clear error principle in Rule 35(a). Rule 35(a) prescribes: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Def.'s Mot. to Correct Clear Error, ECF No. 467. Romano argues in a conclusory manner that the Rule 35(a) "clear error [at issue] . . . led to the imposition of [his] 37-month sentence [and that this clear error consists of the sentencing judge's failure to provide him with] notice that the facts in the [Final Presentence Report ("PSR")] were in dispute." Id. at 1:27-28. Specifically, Romano asserts the purported Rule 32(f)(1) clear error as follows: **"If the [sentencing judge] was not going to accept all or some of the undisputed facts [in the PSR], the [sentencing judge] should have provided notice to the parties so that the parties could have presented evidence to the Court establishing the facts in issue."** Id. at 2:22-24 (emphasis added).

1

This argument fails to evince that Romano understands the sentencing procedures prescribed in Rule 32(f)(1) apply to parties, not judges.  Rule 32(f)(1) states: "Within 14 days after receiving the presentence report, **the parties must state in writing any objections, including objections to material information**, sentencing guideline ranges, and policy statements contained in or omitted from the report." (emphasis added).  A judicial notice requirement is in Rule 32 (h) but that notice requirement is not applicable to the guideline sentence Romano received, "[a]nd nowhere else in the law is the judge required to explain his reasoning before counsel have argued to him." United States v. Vega-Santiago, 519 F.3d 1, 5-6 (1st Cir. 2008) (indicating that no formal rule is required for a court to adopt a prudential notice policy concerning "a variant sentence relying on some ground or factor that would unfairly surprise competent and reasonably prepared counsel . . . ").  "In the normal case a competent lawyer . . . will anticipate most of what might occur at the sentencing hearing-based on the . . . pre-sentence report [and] the exchanges of the parties concerning the report . . . . Vega-Santiago, 519 F.3d at 5.

Further, Romano's arguments conflate facts with inferences that can be drawn from the asserted facts and indicate that certain factual and legal conclusions are tantamount to undisputed facts which the judge is required to adopt.  Clearly, the sentencing judge has discretion to draw rational inferences from the facts Romano asserts are undisputed, and to rely on those drawn inferences when disagreeing with Romano's departure arguments. Cf., Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314 (2007), (indicating that a judge has authority to "engage in a

comparative evaluation," of inferences by "consider[ing] not only inferences urged by [a party] . . . but also competing inferences rationally drawn from the facts.").

Romano's arguments indicate that a sentencing factual record can be expanded beyond the time limits in Rule 32 without a showing that good cause justifies the explanation, and that this expansion could occur simply because a sentencing judge decides to disagree with a Probation Officer's downward departure conclusions. No mechanical rule has been shown to exists mandating formal notice in every case where the judge may conceivably have a different opinion from what is contained in the PSR. Rule 32(i)(1)(D) states: "At sentencing, the court . . . may, for good cause, allow a party to make a new objection at any time before sentence is imposed." However, Romano did not show good cause at the sentencing hearing justified expansion of the factual sentencing record. Romano's arguments at the sentencing hearing concerning the absence of evidence supporting his downward departure arguments reveals he simply did not consider obtaining additional facts supporting his departure arguments, other than facts to which he and the United States stipulated comprised the sentencing factual record at the sentencing hearing.

Nor does Romano reconcile in his motion the sua sponte judicial duty he argues exists with the Ninth Circuit's statement in United States v. Leon, 341 F.3d 928, 932 (9th Cir. 2003): "Our own pre-Koon cases using the de novo standard of review denied departures to defendants who had not shown that they were irreplaceable caretakers." See also United States v. Menyweather, 447 F.3d 625, 633 (9th Cir. 2006) ("[c]onclud[ing] that Defendant

did not prove that she provides care that is irreplaceable or that could not feasibly be provided by another"). This law bespeaks that Romano bears the burden of ensuring that the sentencing record contains sufficient facts to support his departure requests.

Notwithstanding that it is evident that the findings in the PSR are adopted and found to be correct unless a finding in the PSR conflicts with the sentencing decision, Romano argues under the Rule 35(a) clear error principle that the judge had a sua sponte notice duty that has not been shown to exist, and that the failure of the judge to discharge this phantom duty is clear error under Rule 35(a). This argument is not within the scope of the Rule 35(a) clear error principle. "Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow. Although courts take different approaches to Rule 35(a), all essentially agree that 'clear error' under the Rule requires some reversible error at . . . sentencing . . . ." United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009) (citations omitted). Romano has not "point[ed] to [any] reversible error that occurred at [sentencing]." Id. Neither the Guidelines nor any statute, national rule, or local rule requires the judge to do what Romano argues was required regarding his sentencing proceeding. Since it is pellucid that "the district court [lacks] authority to amend the sentence after entry of the judgment and commitment order," filed on September 6, 2018, United States v. Ceballos, 671 F.3d 852, 854 (9th Cir. 2011), Romano's motion is denied.

Dated: September 17, 2018

*[signature]*
GARLAND E. BURRELL, JR.
Senior United States District Judge