UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ROMANO,<br><br>Defendant. | No. 2:15-CR-00190-MCE<br><br><br><br>**ORDER** |

Defendant Michael Romano ("Defendant") was convicted after entering a guilty plea to one count of Conspiracy in violation of 18 U.S.C. § 371 based on his role in a multi-defendant mortgage fraud scheme. He was sentenced on August 31, 2018, to thirty-seven (37) months imprisonment. Presently before the Court is Defendant's Emergency Motion for Compassionate Release. ECF No. 545. The Government opposes Defendant's request. ECF No. 548. For the reasons that follow, Defendant's Motion is DENIED.

Defendant contends that he should be released prior to his current anticipated release date in August 2021 because he suffers from chronic medical conditions that make him particularly vulnerable to COVID-19. Def.'s Mot., ECF No. 545, at 1. More specifically, Defendant "is 73 years old, diabetic and asthmatic." Id. "[H]e suffers from hypertension, liver and kidney disease and sleep apnea, among many other conditions."

Id. According to the Government, however, the merits of Defendant's claims are currently irrelevant because he has failed to exhaust his administrative remedies.[1] That argument is well taken.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)). Those circumstances are delineated in 18 U.S.C. § 3582(c). "Effective December 21, 2018, the First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to permit an inmate, who satisfies certain statutorily mandated administrative procedures, to file a motion with the district court for compassionate release." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr. 10, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], **or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

---

[1] In his moving papers, Defendant references his attempts to seek a transfer to home confinement, which the Government also challenges on jurisdictional grounds. Defendant has since clarified that he only seeks compassionate release here. Def.'s Supp., ECF No. 549, at 2. Accordingly, to the extent his Motion can be interpreted to seek other relief, it will be disregarded.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley, 2020 WL 1819838, at *5. "The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met:  (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement." Id. (footnote omitted).

According to Defendant, he exhausted his remedies as follows:

> Mr. Romano made a request for compassionate release and home confinement in early February 2020, which the Acting Warden denied on February 26, 2020, with an invitation to supplement the request with further information. On March 23, 2020, Mr. Romano provided additional documentation regarding his medical condition, including records from Kaiser Health, to the Warden.
>
> . . .
>
> Mr. Romano has satisfied the exhaustion requirements set forth in 18 U.S.C. § 3582(c)(1)(A), because more than thirty days have elapsed since he made his initial request for compassionate release to the Acting Warden.

Def.'s Mot. at 3-4 (internal footnotes omitted).  Defendant submitted no evidence, however, that he ever sought compassionate release based on his medical conditions, nor does the BOP have any such records.[2]  It is undisputed that counsel eventually sent a request for medical-based compassionate release to the Acting Warden on Defendant's behalf on April 30, 2020.[3]  Based on the foregoing, exhaustion will occur,

---

[2] There are records, provided by the Government, of a request Defendant made to be released based on his age or to be transferred to the Elderly Home Confinement Program.  Defendant contends the Acting Warden responded offering him the chance to supplement his request with medical records, which he purportedly did, but BOP has no record of this additional correspondence.

[3] BOP records indicate this was filed on May 1, 2020.

absent earlier action by the Acting Warden, at the end of May and until then, this Court lacks the power to consider Defendant's request.

The parties' nonetheless dispute whether the exhaustion requirement is jurisdictional or a waivable claims presentment rule.  Although a handful of courts have attempted to circumvent the 30-day exhaustion period by finding it waivable, this Court finds the bulk of the authority holding instead that the requirement is mandatory and jurisdictional to be more persuasive.  Compare, e.g., United States v. Connell, ___ F.3d ___, 2020 WL 2315858, at *2-3 (N.D. Cal. May 8, 2020), with United States v. Holden, 3:13-cr-00444-BR, 2020 WL 1673440, at *10 (D. Or. April 6, 2020).[4]  The language of the statute is clear and provides no exceptions.  To that end, the Court agrees with the Government's additional assessment that "[i]f Congress had intended to abandon the requirement of exhaustion due to the COVID-19 outbreak, the CARES Act signed into law on March 27, 2020 would have altered 18 U.S.C. § 3582, but it did not."  Gov.'s Opp., at 7.

Defendant's Motion to Reduce Sentence (ECF No. 545) is thus DENIED without prejudice.  Should Defendant renew his Motion once he has fully exhausted his administrative remedies, any Government response shall be filed not later than seven (7) days following the date the renewed request is electronically filed.

IT IS SO ORDERED.

Dated:  May 21, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] This question, among others, is also the subject of an expedited appeal before the Ninth Circuit in United States v. Millage, Case No. 20-30086.  Oral argument is scheduled for June 4, 2020.